UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NICHOLAS E. PHILLIPS, | ) | 1:09-cv-00425-BAK-GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING SUCCESSIVE |
| | ) | PETITION FOR WRIT OF HABEAS |
| v. | ) | CORPUS PURSUANT TO |
| | ) | 28 U.S.C. § 2244(b) |
| | ) | |
| TOM FELKER, Warden, | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGEMENT AND CLOSE |
| Respondent. | ) | FILE |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In the petition filed on March 6, 2009, Petitioner challenges his 1998 conviction in Kern County Superior Court for attempted murder (Cal. Pen. Code §§ 664, 187(a)), aggravated mayhem (Cal. Pen. Code § 205), and assault with a deadly weapon (Cal. Pen. Code § 245(a)), and for inflicting great bodily injury (Cal. Pen. Code § 12022.7(d)).  Petitioner was sentenced to a prison term of thirty-two years to life.  (Doc. 1, p. 1).

A review of the Court's dockets and files shows Petitioner has previously sought habeas

relief with respect to this conviction.[1] In case no. 1:02-cv-05251-REC-BAK HC, the petition, which raised seven grounds for relief, including five claims of ineffective assistance of counsel, was denied on the merits and judgement entered on July 15, 2005. The Court's records indicate that, on review, the United States Court of Appeals for the Ninth Circuit denied issuance of a certificate of appealability.

In the latest petition, Petitioner raises yet another claim of ineffective assistance of counsel as well as a claim grounded in the United States Supreme Court's decision in Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856 (2007).

**DISCUSSION**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United

---

[1] The Court takes judicial notice of the docket in case no. 1:02-cv-05251-REC-BAK HC. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir.1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D.Cal.1978), aff'd, 645 F.2d 699, (9th Cir.) (Judicial notice may be taken of court records).

U.S. District Court
E. D. California

2

1  States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997),
2  *cert. denied*, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).
3        Because the current petition was filed after April 24, 1996, the provisions of the
4  Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current
5  petition.  Lindh v. Murphy, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that he has
6  obtained prior leave from the Ninth Circuit to file his successive petition attacking his 1998 Kern
7  County conviction.  That being so, this Court has no jurisdiction to consider Petitioner's renewed
8  application for relief from that conviction under Section 2254 and must dismiss the petition.  See
9  Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.  If Petitioner desires to proceed in bringing
10 this petition for writ of habeas corpus, he must first file for leave to do so with the Ninth Circuit.
11 See 28 U.S.C. § 2244 (b)(3).

## ORDER

13     Accordingly, it is HEREBY ORDERED as follows:

14 1.     The Petition for Writ of Habeas Corpus (Doc. 1), is DISMISSED for lack of subject-
15     matter jurisdiction; and,

16 2.     The Clerk of the Court is DIRECTED to enter judgment and close the file.

18 IT IS SO ORDERED.

19 **Dated:   June 2, 2009**                  **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE